```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
LUIS BONILLA-OLIVER,                :
                                    :
                    Petitioner,     :
                                    :
        - v -                       :
                                    : S1 05 Cr. 623 (DLC)
UNITED STATES OF AMERICA,           : 07 Civ. 5921 (DLC)
                                    :
                    Respondent.     :
                                    :
- - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER LUIS BONILLA OLIVER'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
    of America

KATHERINE GOLDSTEIN
Assistant United States Attorney

        - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
LUIS BONILLA-OLIVER,                :
                                    :
                   Petitioner,      :
                                    :
       - v -                        :
                                    :  S1 05 Cr. 623 (DLC)
UNITED STATES OF AMERICA,           :  07 Civ. 5921 (DLC)
                                    :
                   Respondent.      :
                                    :
- - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER LUIS BONILLA OLIVER'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

## PRELIMINARY STATEMENT

The United States respectfully submits this memorandum of law in opposition to petitioner Luis Bonilla-Oliver's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (the "Motion").

As set forth below, the Motion must be dismissed. Bonilla Oliver's claims fail to meet the standard for constitutionally ineffective assistance of counsel established by the United States Supreme Court in Strickland v. Washington. Because Bonilla-Oliver cannot show either deficient performance or prejudice from his counsel's alleged errors, there is no basis upon which to grant him relief.

**STATEMENT OF FACTS**

**A.    Bonilla-Oliver's Criminal Conduct**

On February 3, 2005, law enforcement officers investigated a suspicious package that had been sent from Lima, Peru to a Federal Express facility in Memphis, Tennessee.  (PSR ¶ 8).[1]  The package was addressed to Dignora Morales, 660 E. 188th Street, Bronx, New York ("the Premises").  (Id.).  Upon further inspection, law enforcement officers discovered that the package contained heroin.  (PSR ¶¶ 9-10).

On February 7, 2005, law enforcement officers removed over one kilogram of heroin from the package, and, pursuant to a court order, inserted a device in the package that was designed to alert when the package was opened.  (PSR ¶¶ 10, 11).  On February 8, 2005, an undercover law enforcement agent posing as a Federal Express employee delivered the package to the Premises.  (PSR ¶ 12).  A woman signed for and accepted the package.  (Id.).

Later that day, agents observed a car with a driver and a passenger driving around the block.  (PSR ¶ 13).  At a certain point, agents observed a person, later identified as Frank Ventura-Salazar, exit the car and enter the Premises.  (Id.).

---

[1]    "PSR" refers to the Presentence Investigation Report prepared by the United States Probation Office (the "Probation Office") in connection with Bonilla-Oliver's sentencing; "A." refers to the Appendix filed in connection with Bonilla-Oliver's brief on direct appeal; and "Pet. Affid." refers to Petitioner's Affidavit In Support Of Motion To Vacate, Set Aside Or Correct Sentence.  The Appendix is attached hereto as Exhibit A.

Shortly thereafter, the door to the Premises opened, and a law enforcement agent observed a person later identified as Bonilla-Oliver hand Ventura-Salazar a black plastic bag. (Id.). The agents then saw Ventura-Salazar leave the Premises with the plastic bag. (Id.). The device inside the package alerted, indicating that the package was being moved. (Id.). The agents then observed Ventura-Salazar place the bag in the trunk of a livery cab, which was waiting outside the Premises. Ventura-Salazar entered the cab and drove away. (PSR ¶ 14).

Law enforcement officers followed Ventura-Salazar and another person, later identified as Francis Contreras, who had, at Ventura-Salazar's direction, driven Ventura-Salazar to the Premises when he picked up the package and had separately followed Ventura-Salazar from the Premises. (Id.). Ventura-Salazar was stopped in possession of the package. (PSR ¶ 15). Later that day, Ventura-Salazar, Contreras and Bonilla-Oliver were arrested. (PSR ¶¶ 16-18).

After Bonilla-Oliver was taken into custody, he was read his Miranda rights, which he waived. He stated, in substance and in part, the following: that Bonilla gave Ventura-Salazar his address to use for the delivery of a package; that Bonilla believed the package would contain narcotics, but did not know the type of narcotics; and that on February 8, 2005, Ventura-Salazar called to ask if the package had arrived, and

3

Bonilla Oliver said yes.   (PSR ¶ 18).

## B.   <u>Bonilla-Oliver's Guilty Plea and Sentencing</u>

On October 27, 2005, Bonilla was charged in a one-count Superseding Information, S1 05 Cr. 623 (DLC) (the "Information"), with managing and controlling a place, as a lessee and occupant, and knowingly and intentionally making it available for use for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856.[2]

On that date, Bonilla-Oliver pleaded guilty to Count One of the Information before Magistrate Judge Maas pursuant to a written plea agreement (the "Plea Agreement") with the Government in which he stipulated, <u>inter alia</u>, that he would not appeal a sentence within or below the range of 121 to 151 months' imprisonment, nor litigate, under Title 28, United States Code, Section 2255 and/or 2241, any sentence within or below the Stipulated Guidelines Range of 121 to 151 months.  (A. 11).  As part of the Plea Agreement, the Government promised that it would dismiss any open counts, which included the conspiracy charge in

---

[2]  The underlying indictment, 05 Cr. 623 (DLC), was filed on June 9, 2005.  It charged Bonilla-Oliver, Ventura-Salazar and Contreras with participating in a conspiracy to distribute, and possess with intent to distribute, one kilogram and more of heroin, in violation of Title 21, United States Code, Section 846.  Ventura-Salazar and Bonilla pleaded guilty pursuant to plea agreements, and Contreras pleaded guilty pursuant to a <u>Pimentel</u> letter.

the underlying Indictment.  (A. 8).  The conspiracy charge carried a 10-year mandatory minimum sentence.  <u>See</u> 21 U.S.C. §§ 846 and 841(b)(1)(A).

Before recommending that Judge Cote accept Bonilla-Oliver's plea, Magistrate Judge Maas conducted a careful allocution that complied in all material respects with Rule 11 of the Federal Rules of Criminal Procedure, including determining that Bonilla-Oliver was competent to enter a plea, understood the nature of the charges to which he was pleading guilty, and understood the rights that he was giving up by entering a guilty plea.  In addition, Judge Maas determined that there was a factual basis for the plea.  (A. 15-30).

On January 27, 2006, following the argument of both parties, Judge Cote sentenced Bonilla to 121 months' imprisonment, three years' supervised release, and a mandatory $100 special assessment.

**C.  <u>Direct Appeal</u>**

On June 7, 2006, Bonilla-Oliver's appellate counsel filed a brief pursuant to <u>Anders</u> v. <u>California</u>, 386 U.S. 738 (1967), affirming that there were no non-frivolous issues that could be raised by Bonilla on appeal.[3]  Thereafter, the

---

[3]  On or about October 18, 2006, Bonilla-Oliver filed a brief, <u>pro</u> <u>se</u>, in opposition to his counsel's <u>Anders</u> brief.  In his brief, Bonilla-Oliver makes substantially the same arguments that he raises in this Motion: that he was charged under the wrong statute; his plea was not knowingly and voluntarily made

Government filed a motion to dismiss the appeal based on Bonilla-Oliver's knowing and voluntary waiver of his right to appeal contained in the Plea Agreement; and, in the alternative, for summary affirmance on the ground that there were no non-frivolous issues for appeal.  On or about December 12, 2006, this Court granted the Government's motion for summary affirmance.

D.    **Bonilla-Oliver's Motion**

On May 25, 2007, Bonilla Oliver filed the Motion in the District Court.  Bonilla-Oliver claims in the Motion that he is entitled to relief because he received constitutionally ineffective assistance of trial and appellate counsel. Specifically, Bonilla-Oliver claims that his trial counsel was ineffective for (1) permitting him to plead guilty to a charging instrument that did not accurately reflect his criminal conduct; (2) failing to request a psychiatric evaluation prior to his guilty plea or his sentencing; (3) failing to object when the Magistrate Judge improperly explained to him the nature of the charges contained in the charging instrument; (4) failing to object to certain calculations in the PSR; and (5) failing to object to claimed violations of the Speedy Trial Act.  Bonilla-Oliver claims that his appellate counsel was ineffective for (1) filing an <u>Anders</u> brief supporting the appeal waiver in the Plea

---

due to his mental condition at the time; and the district court reinstated his appeal rights at the time of sentencing.  These claims are all addressed below, and none has any merit.

Agreement; (2) ignoring Bonilla-Oliver's attempt to assist in his appeal; and (3) failing to advise him of the deadlines for filing various discretionary appeals.

**ARGUMENT**

**Bonilla-Oliver Received
Effective Assistance of Counsel**

Bonilla-Oliver argues that both his trial and his appellate lawyers rendered constitutionally ineffective assistance, in violation of the Sixth Amendment.  As detailed below, however, his counsel's representation of him, both at the district court and appellate court level, was vigorous and effective.  Accordingly, Bonilla-Oliver's claims have no merit.

**A.    Applicable Law**

To succeed on his ineffective assistance claims, Bonilla-Oliver must surmount two significant hurdles set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Bonilla-Oliver must (1) show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice." Strickland, 466 U.S. at 687-88, 693-94.  See also Tueros v. Greiner, 343 F.3d 587, 591 (2d Cir. 2003) (defendant must "show both that counsel's performance was so deficient as to be 'outside the wide range of professionally competent assistance,' and that prejudice resulted because 'there is a reasonable probability that, but for counsel's unprofessional errors, the

7

result of the proceeding would have been different.'") (citations
omitted).  In the guilty plea context, the defendant must show
that "there is a reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would have insisted
on going to trial."  <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52, 59 (1985).
Only if Bonilla-Oliver satisfies both of these elements can he
demonstrate that "counsel made errors so serious that counsel was
not functioning as the 'counsel' guaranteed by the Sixth
Amendment."  <u>Strickland</u>, 466 U.S. at 687.

     Under the first prong of the <u>Strickland</u> test, this
Court "must 'indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional
assistance,' and be watchful 'to eliminate the distorting effects
of hindsight.'"  <u>Aparicio</u> v. <u>Artuz</u>, 269 F.3d 78, 95 (2d Cir.
2001) (quoting <u>Strickland</u>, 469 U.S. at 689)).  This Court also
must "bear[] in mind that '[t]here are countless ways to provide
effective assistance in any given case' and that '[e]ven the best
criminal defense attorneys would not defend a particular client
in the same way.'"  <u>United States</u> v. <u>Aguirre</u>, 912 F.2d 555, 560
(2d Cir. 1990) (quoting <u>Strickland</u>, 466 U.S. at 689); <u>see also</u>
<u>Brown</u> v. <u>Doe</u>, 2 F.3d 1236, 1246 (2d Cir. 1993) (counsel's
performance must be evaluated in light of a "criminal defendant's
burden to 'overcome the strong presumption of attorney
competence'") (quoting <u>Kimmelman</u> v. <u>Morrison</u>, 477 U.S. 365, 383

(1986)).

        Even if Bonilla-Oliver could overcome the presumption
of effectiveness, he must also "affirmatively prove prejudice."
Strickland, 466 U.S. at 693.  In this case, Bonilla-Oliver must
show that "there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial."  Hill v. Lockhart, 474 U.S. at 59;
see also United States v. Couto, 311 F.3d 179, 187 (2d Cir.
2002).  Each of Bonilla-Oliver's ineffective-assistance-of-
counsel claims fails to meet the stringent Strickland standard.

**B.   Discussion**

    **1.   Defense Counsel Was Not Ineffective For Advising
         Bonilla-Oliver To Plead Guilty To A Charge That Did Not
         Carry A Mandatory Minimum Sentence.**

        Bonilla-Oliver's first claim is that his trial counsel
was ineffective for "induc[ing]" him to plead guilty to a
criminal charge that did not accurately reflect his underlying
criminal conduct.  Because Bonilla-Oliver was properly charged in
this case, and because the charge to which Bonilla-Oliver pleaded
guilty carried no mandatory minimum sentence, and therefore was
more favorable to Bonilla-Oliver than the narcotics conspiracy
offense with which the other two defendants were charged, there
was no deficient performance by trial counsel, much less
prejudice to Petitioner.

        Bonilla-Oliver pleaded guilty to a one-count

Information charging him with controlling the Premises as a
lessee and occupant, and unlawfully making it available for the
purpose of storing and distributing heroin, in violation of Title
21, United States Code, Section 856.[4]  The charge perfectly fit
Bonilla-Oliver's crime: as he admitted in his plea colloquy, he
lived at the Premises; he gave the address of the Premises to
another person knowing that that person intended to use the
Permises as a lcoation to receive narcotics; and when a package
arrived at the Premises, Bonilla-Oliver permitted this person to
enter the Premises and pick up the package.  See United States v.
Wilson, 2007 WL 2753082, No. 05-5895, at *2 (2d Cir. 2007).

        Bonilla-Oliver's counsel cannot be deemed deficient for
advising his client to plead guilty to this charge, when the
charge was appropriate to the facts of the case, and the
evidence, including his own post-arrest statements,
overwhelmingly demonstrated Bonilla-Oliver's guilt.  Indeed, far
from falling below professional standards of competence, Bonilla-
Oliver's trial counsel's performance must be considered highly
effective in securing for his client a charge which carried no
mandatory minimum sentence, unlike the original narcotics
conspiracy charge faced by Bonilla-Oliver and his co-defendants

---

        [4]    Bonilla-Oliver's complaint is founded upon a
misunderstanding of 21 U.S.C. § 856.  Bonilla-Oliver apparently
believes that the statute applies only to so-called crack houses,
and "raves."  By its very terms, the statute is not so limited.

which, by virtue of the fact that the package contained over one kilogram of heroin, carried a mandatory minimum ten-year prison sentence.  Indeed, both of Bonilla-Oliver's co-defendants pleaded guilty to a charge that carried just such a penalty.

Moreover, because the charge carried no mandatory minimum, Bonilla-Oliver's counsel was free to argue for a reduced sentence – which he did, petitioning the District Court for a sentence of time served.  In the absence of this charge, Bonilla-Oliver would have faced a guaranteed ten-year sentence – or more, as a result of his lengthy criminal history.  Where, as here, defense counsel secured a <u>benefit</u> for his client, his performance cannot be deemed constitutionally ineffective.  In any event, Bonilla-Oliver does not allege that if he had been charged with participating in a narcotics conspiracy, pursuant to 21 U.S.C. § 846, or any other statute, he would have decided to enter a plea of not guilty and proceed to trial.

**2.  Defense Counsel Was Not Ineffective For Failing To Order A Psychiatric Evaluation Prior To The Guilty Plea Allocution.**

Bonilla-Oliver's next alleges his lawyer was ineffective for failing to request a psychiatric evaluation of his mental condition before he entered a guilty plea.  Bonilla-Oliver does not, however, explain why his lawyer's failure to order such an examination resulted in ineffective representation. Although Bonilla-Oliver avers that he was suffering from

11

depression due to drug addiction and alcohol dependence when he committed the crime, he does not claim that he was not competent to enter a guilty plea.  Nor could he, as the transcript from the plea proceeding reflects that the presiding Magistrate Judge conducted a thorough inquiry into Bonilla-Oliver's mental state, and properly found him competent to enter a plea:

|  |  |
|---|---|
| Court: | Are you currently or have you recently been under the care of a doctor or a psychiatrist for any reason? |
| Petitioner: | Yes. |
| Court: | And can you tell me, generally, what type of conditions you're being treated for? |
| Petitioner: | The psychiatrist, I see a psychiatrist for depression and anxiety. |
| Court: | Okay.  And are you taking medication for those conditions? |
| Petitioner: | Yes, sir. |
| Court: | Do the medications interfere with your ability to understand what's going on today? |
| Petitioner: | No. |
| Court: | As you sit before me today, do you feel okay? |
| Petitioner: | Yes. |
| Court: | By the way, have you ever been treated either for alcoholism or for drug addiction? |
| Petitioner: | Yes. |

| | |
|---|---|
| Court: | How long ago was that? |
| Petitioner: | Few year.  Oh, yeah, when I was arrested also, I was. |
| Court: | Since you're in jail, am I correct in assuming that you haven't had any drugs in the last 72 hours? |
| Petitioner: | No. |
| Court: | You're agreeing with me? |
| Petitioner: | Oh, no, I haven't. |

(A. 18-19).  Bonilla-Oliver does claim, in a conclusory fashion, that he decided to accept his lawyer's advice to plead guilty due to his "psychological situation."  (Pet. Affid. at 2).  This Court is entitled to rely on Petitioner's sworn statements at a plea colloquy, notwithstanding Petitioner's conclusory, after-the-fact allegations to the contrary.  Prousalis v. United States, 06 Civ. 12946 (DLC), 2007 WL 2438422, at *12 (S.D.N.Y. Aug. 24, 2007).  In any event, Bonilla-Oliver's allegation falls short of claiming incompetence.  Moreover, the petitioner's "psychological situation" was thoroughly discussed with the Magistrate Judge, who nevertheless concluded, based on Bonilla-Oliver's representations that his anxiety and depression did not affect his ability to understand the proceedings, as well as Bonilla-Oliver's demeanor and comportment, that he was competent to enter a plea.  Other than proffering conclusory statements about his mental state, Bonilla-Oliver does not explain how his depression or anxiety affected his decision to plead guilty – or

13

what he would have done differently if a mental evaluation had
been performed.  Defense counsel's failure to order a psychiatric
evaluation of Bonilla-Oliver due to his depression and anxiety –
conditions which were, according to Bonilla-Oliver, already being
treated with medication by a prison psychiatrist – cannot be
deemed objectively unreasonable in these circumstances.

Moreover, while pointing to his past drug and alcohol
use, Bonilla-Oliver does not allege that he suffered from a
mental defect that rendered him legally insane at the time he
committed the offense of conviction, such that a psychiatric
evaluation could have established a valid insanity defense.
Again, Bonilla-Oliver's sworn testimony at the plea colloquy
belies such a claim:

> Court:        And did you understand that it was
>               against the law to keep drugs in your
>               apartment, and to let other people
>               access your apartment to obtain drugs?
>
> Petitioner:   Yes.

(A. 27).  In any event, "even if [Petitioner] could have, in good
faith, pled not guilty and relied on an insanity defense, he has
not supported the proposition that the availability of that
affirmative defense rendered his decision to plead guilty an
unreasonable strategic decision.  In other words, he may have
decided to plead guilty anyway."  Soler v. United States, No. 06
CV 1588 (SRU), 2007 WL 1297143, at *4 (D. Conn. May 1, 2007).
Thus, Bonilla-Oliver cannot meet his burden on either prong of

14

the Strickland analysis.

### 3. Defense Counsel Was Not Ineffective For Failing To Make Meritless Objections To The Explanation Of The Charges Contained In The Information Or To The PSR.

Bonilla-Oliver's next two claims of attorney error find no support in the record. Bonilla-Oliver alleges that his trial counsel was deficient for failing to object when the Magistrate Judge improperly explained the nature of the charges against him. The record reflects that the charges were clearly explained to Bonilla-Oliver. At the plea colloquy, the following exchange took place:

> Court: Okay. Now, the superseding information in this case charges that you made available your residence as a place for unlawfully manufacturing, storing and distributing and using heroin, in violation of Title 21, United States Code, Section 856. Do you understand that?
>
> Petitioner: Yes.
>
> Court: And have you had sufficient time to talk with [defense counsel] about this charge, and about how you wish to plead with respect to it?
>
> Petitioner: Yes.

(A. 19). Indeed, Bonilla-Oliver affirmed that he understood the nature of the charges against him.

> Court: Do you understand the nature of the charge to which you're pleading guilty?
>
> Petitioner: Yes.

(A. 22). It certainly cannot be said that defense counsel was

15

constitutionally ineffective for failing to make a meritless objection to the description of the charges in this case.  See, e.g., United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Bonilla-Oliver also alleges that his counsel's failure to object to the PSR's calculation of his Criminal History Category, based on "uncorroborated" prior convictions, was deficient.  There is no merit to this claim.  Defense counsel was not required to make the frivolous objection that the Probation Office did not corroborate, or verify, Bonilla-Oliver's prior convictions in view of the fact that Bonilla-Oliver stipulated to his Criminal History Category in the Plea Agreement, and does not now point to any error in the computation of his Criminal History Category.  Thus, this claim should be denied.

### 4. Defense Counsel Was Not Ineffective For Failing To Make A Meritless Objection To A Claimed Violation Of The Speedy Trial Act.

Finally, Bonilla-Oliver claims that his trial counsel was deficient for failing to object to a violation of the Speedy Trial Act.  Bonilla-Oliver is precluded from raising this claim. It is well-settled that "a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."  Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989); accord United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996).  Alleged violations of the Speedy Trial Act are considered non-jurisdictional defects in the

16

proceedings below.  Because Bonilla-Oliver knowingly and
voluntarily entered a guilty plea, as the Second Circuit
concluded when it granted the Government's motion for summary
affirmance on direct appeal, he waived this claim.  Coffin, 76
F.3d at 497-98.  Regardless, the claim has no merit.  As the
docket sheet indicates, the District Court properly excluded time
under the Speedy Trial Act in this case; there was no violation
of the Act.  (A. 3-4).

> **5.**    **Because Bonilla-Oliver Waived His Right To Appeal**
> **His Sentence, Appellate Counsel Was Not**
> **Ineffective For Enforcing The Waiver.**

Bonilla-Oliver's next claim is that his appellate
counsel was ineffective for filing an Anders brief on the ground
that the appeal waiver in the Plea Agreement was valid, when the
District Court "reinstate[d]" his appeal rights.  (Pet. Affid.
4).  Bonilla-Oliver's claim is predicated on a misunderstanding
of what took place at the sentencing hearing.  There, the
District Court advised Bonilla-Oliver of his right to appeal, and
his right to apply for leave to appeal in forma pauperis.  (A.
45).  The District Court did not, by this advisement, vitiate or
nullify Bonilla-Oliver's waiver of the right to appeal a sentence
within the Stipulated Guidelines Range contained in the Plea
Agreement.  Because Bonilla-Oliver was sentenced at the bottom of
the Stipulated Guidelines Range, and because he knowingly waived
his right to appeal such a sentence, as reflected in the plea

colloquy, (A. 25), appellate counsel's recognition of the force of that waiver does not constitute deficient performance. <u>See</u> <u>Collier</u> v. <u>United States</u>, No. 99-2244, 2001 WL 540793, at *1 (2d Cir. May 21, 2001) (where petitioner made an effective waiver of his right to appeal, "we think it self-evident that his attorney did not act unreasonably in failing to appeal"); <u>White</u> v. <u>United</u> <u>States</u>, 02 Civ. 1912, 2005 WL 1489453, at *3 (D. Conn. 2005); <u>Alcantara</u> v. <u>United States</u>, 01 Civ. 1987, 2001 WL 1006624, at *3 (S.D.N.Y. Aug. 31, 2001) ("When a petitioner has knowingly waived his right to appeal, he cannot prevail on a § 2255 petition grounded on his attorney's having failed to file a notice of appeal."); <u>Pastrana</u> v. <u>United States</u>, 95 Civ. 9980, 1999 WL 33295, at *2 (S.D.N.Y. Jan. 22, 1999) (petitioner's lawyer not ineffective for abiding by terms of plea agreement).

      **6.   Appellate Counsel Was Not Ineffective For Failing To Consult With Bonilla-Oliver Before Filing An <u>Anders</u> Brief.**

Bonilla-Oliver also argues that his appellate counsel was ineffective for ignoring Bonilla-Oliver's intent to assist in his appeal. Assuming the truth of this factual claim, it still must fail under <u>Strickland</u>, because Petitioner can show no prejudice from the failure of consultation. <u>See</u> <u>Prousalis</u> v. <u>United States</u>, 06 Civ. 12946 (DLC), 2007 WL 2438422, at *14 (S.D.N.Y. Aug. 24, 2007). Bonilla-Oliver had no meritorious issues to raise on appeal: as the Government argued in its motion

for summary affirmance, Bonilla-Oliver knowingly and voluntarily
pleaded guilty to the Information and he received an entirely
lawful sentence at the bottom of the Stipulated Guidelines Range.
In any event, the claims that Bonilla-Oliver wished appellate
counsel to raise were, in fact, brought to the attention of the
Court of Appeals in his <u>pro se</u> brief, which was docketed with the
Second Circuit.  Accordingly, even assuming that appellate
counsel did not consult with Bonilla-Oliver before filing the
<u>Anders</u> brief, Bonilla-Oliver suffered no prejudice because (1) he
raised all the issues he deemed important with the Court of
Appeals with his own <u>pro se</u> brief, and (2) none of his claims had
any merit to them.

### 7.    Appellate Counsel Was Not Ineffective For Failing To Inform Bonilla-Oliver Of Applicable Deadlines For Discretionary Appellate Review.

Finally, Bonilla-Oliver claims that his appellate
counsel was ineffective for failing to inform him of his right to
petition the Second Circuit for rehearing <u>en banc</u>, following the
grant of the Government's motion for summary affirmance of
Bonilla-Oliver's conviction, and for failing to inform him of his
right to petition the Supreme Court for certiorari within 90
days.  It is well-established that a criminal defendant has no
right to counsel for these discretionary appeals.  <u>Ross</u> v.
<u>Moffitt</u>, 417 U.S. 600, 610-11 (1974).  Thus, a petition for a
writ of habeas corpus cannot be premised on this claim of

19

ineffective assistance of counsel.  <u>Hernandez</u> v. <u>Greiner</u>, 414 F.3d 266, 269 (2d Cir. 2005); <u>Chalk</u> v. <u>Kuhlmann</u>, 311 F.3d 525, 528 (2d Cir. 2002).  Because a defendant has "no constitutional right to counsel [to pursue a discretionary appeal], he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for such an appeal] timely."  <u>Wainwright</u> v. <u>Torna</u>, 455 U.S. 586, 587-88 (1982).  The same is true for appellate counsel's failure to advise Bonilla-Oliver of the applicable filing deadlines for such discretionary appeals.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that the Motion should be dismissed and this Court should not grant a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B).


Dated:     New York, New York
           September 28, 2007


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York,
                        Attorney for the United States
                             of America


                   By:_____
                        KATHERINE GOLDSTEIN
                        Assistant United States Attorney
                        (212)637-2641

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
LUIS BONILLA-OLIVER,                :
                                    :
                  Petitioner,       :
                                    :
        - v -                       :
                                    :  S1 05 Cr. 623 (DLC)
UNITED STATES OF AMERICA,           :  07 Civ. 5921 (DLC)
                                    :
                  Respondent.       :
                                    :
- - - - - - - - - - - - - - - - - - x


**_____EXHIBITS TO OPPOSITION OF THE UNITED STATES OF AMERICA
TO DEFENDANT LUIS BONILLA-OLIVER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**


                        MICHAEL J. GARCIA
                        United States Attorney
                        Southern District of New York
                        Attorney for the United States
                        of America


KATHERINE GOLDSTEIN
Assistant United States Attorney
     - Of Counsel -

## CERTIFICATE OF SERVICE

_____I, Katherine Goldstein, certify that on this 28TH day of September, 2007, a copy of the Government's Memorandum of Law In Opposition to Defendant Luis Bonilla-Oliver's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, including all Exhibits, was sent via First Class Mail to:

          Luis Bonilla-Oliver
          Petitioner
          USMS No. 16801-054
          FPC Duluth
          Federal Prison Camp
          P.O. Box 1000
          Duluth, MN 55814


          _____
          Katherine Goldstein
          Assistant United States Attorney
          (212) 637-2641

# EXHIBIT A