UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
LUIS BONILLA OLIVER,                     :
                      Petitioner,        :
                                         :    07 Civ. 5921 (DLC)
             -v-                         :
                                         :    OPINION & ORDER
UNITED STATES OF AMERICA,                :
                      Respondent.        :
                                         :
-----------------------------------------X

Appearances:

Pro se Petitioner:
Luis Bonilla Oliver
Reg. No. 16801-053
FPC Duluth
P.O. Box 1000
Duluth, Minnesota 55814

For the United States of America:
Katherine Goldstein
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

DENISE COTE, District Judge:

    Luis Bonilla Oliver brings this timely petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2255.  He seeks to

vacate, set aside, or correct his sentence on a drug charge

following the entry of a plea of guilty in 2005.  Bonilla Oliver

asserts that he was provided with constitutionally ineffective

counsel both at his plea and on appeal.  For the following

reasons, the petition is denied.

BACKGROUND

Bonilla Oliver does not dispute the facts concerning his criminal conduct.  On February 3, 2005, law enforcement officers investigated a package at a Federal Express facility in Memphis, Tennessee, and determined that the package contained heroin. The package had been sent from Lima, Peru and was destined for Dignora Morales, 660 East 188th Street, Bronx, New York ("660 East 188th Street").  On February 7, law enforcement officers removed more than one kilogram of heroin from the package. Pursuant to a court order, the officers fitted the empty package with a tracking device.  On February 8, 2005, an undercover law enforcement officer posing as a Federal Express deliveryman delivered the package to 660 East 188th Street, where a woman signed for and accepted the package.

Later that day, agents observed a person later identified as Frank Ventura-Salazar exit a vehicle that had been circling the block and enter 660 East 188th Street.  Shortly thereafter, the door to the building opened, and a law enforcement agent observed a person later identified as Bonilla Oliver hand Ventura-Salazar a black plastic bag.  The tracking device previously inserted into the package was triggered, indicating that the package was being moved.  The agents then observed Ventura-Salazar place the bag in the trunk of a cab and enter the cab.  Law enforcement officers followed the cab, as well as

2

a vehicle trailing it, which was being driven by a person later
identified as Francis Contreras.  Later that day, Ventura-
Salazar, Contreras, and Bonilla Oliver were arrested.

After being taken into custody, Bonilla Oliver was read,
and waived, his Miranda rights.  He admitted that he had given
Ventura-Salazar his address to use for delivery of a package;
that Bonilla Oliver believed the package would contain
narcotics, but that he did not know which type; and that on
February 8, 2005, Ventura-Salazar called to ask whether the
package had arrived and Bonilla Oliver had replied yes.

On June 9, 2005, Ventura-Salazar, Contreras, and Bonilla
Oliver were charged in a one-count Indictment, 05 Cr. 623 (DLC),
with participating in a conspiracy to distribute, and possess
with intent to distribute, one kilogram or more of heroin, in
violation of 21 U.S.C. § 846.  A one-count Superseding
Information, S1 05 Cr. 623 (DLC) (the "Information"), was filed
as to Bonilla Oliver alone on October 27, 2005, charging him
with managing and controlling a place, as a lessee and occupant,
and knowingly and intentionally making it available for use for
the purpose of unlawfully manufacturing, storing, distributing,
and using a controlled substance, in violation of 21 U.S.C. §
856.  On that date, Bonilla Oliver, represented by appointed
counsel Jonathan Marks, pleaded guilty to Count One of the
Information before Magistrate Judge Frank Maas, pursuant to a

plea agreement with the Government in which Bonilla Oliver agreed, <u>inter alia</u>, that he would not appeal a sentence within or below the range of 121 or 151 months' imprisonment, nor litigate, under 28 U.S.C. §§ 2255 and/or 2241, any sentence within or below the stipulated guidelines range of 121 or 151 months.  The Government agreed to dismiss any open counts, including the conspiracy count charged in the underlying Indictment, which carried a ten-year mandatory minimum sentence. <u>See</u> 21 U.S.C. §§ 841(b)(1)(A) and 846.

Magistrate Judge Maas determined that Bonilla Oliver was competent to enter a plea, and that he understood the nature of the charges against him as well as the rights he was giving up by entering a guilty plea.  Magistrate Judge Maas also determined that there was a factual basis for the plea. Magistrate Judge Maas recommended that the Court accept Bonilla Oliver's plea.  The Court accepted the plea on November 3.  On January 27, 2006, the Court sentenced Bonilla Oliver to 121 months' imprisonment, three years' supervised release, and a mandatory $100 special assessment.

On February 6, 2006, Bonilla Oliver's trial counsel filed a notice of appeal.  Sometime thereafter, Bonilla Oliver acquired new counsel and was represented on appeal by Laurie S. Hershey. On June 7, Hershey filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), affirming that there were no

non-frivolous issues that could be raised by Bonilla Oliver on appeal.  Bonilla Oliver filed a brief in opposition to counsel's Anders brief on October 18, making substantially the same arguments he now pursues in his habeas petition.  The Government filed a motion to dismiss the appeal based on Bonilla Oliver's knowing and voluntary waiver of his right to appeal, or, in the alternative, for summary affirmance on the ground that there were no non-frivolous issues for appeal.  On or about December 12, 2006, the United States Court of Appeals for the Second Circuit summarily affirmed Bonilla Oliver's conviction and sentence.

Bonilla Oliver filed the instant habeas petition on May 25, 2007, claiming that he is entitled to relief because he received constitutionally ineffective counsel both at plea and sentencing and on appeal.  As to his trial counsel, Bonilla Oliver claims that Marks was ineffective for (1) "failing to properly investigate and research the law and guidelines" applicable to the charge in the Indictment; (2) failing to request a psychiatric evaluation prior to his pleading guilty; (3) failing to object to the court's allegedly improper explanation of the charge against him, to the criminal history calculation made in the presentence report (PSR), and to alleged violations of the Speedy Trial Act.  As to his appellate counsel, Bonilla Oliver argues that Hershey was ineffective for (1) filing an Anders

5

brief supporting the waiver of appeal contained in the plea
agreement because the Court allegedly reinstated the right to
appeal at sentencing; (2) ignoring Bonilla Oliver's efforts to
assist in his appeal; and (3) failing to inform Bonilla Oliver
of his right to petition the United States Supreme Court for a
writ of certiorari within ninety days.  Bonilla Oliver's
petition was fully submitted on December 14, 2007.

DISCUSSION

    "[I]n order to prevail on an ineffective assistance of
counsel claim, a defendant must show (1) that his attorney's
performance fell below an objective standard of reasonableness,
and (2) that as a result he suffered prejudice." United States
v. Jones, 482 F .3d 60, 76 (2d Cir. 2006), cert. denied, 127
S.Ct. 1306 (Feb. 20, 2007) (citing Strickland v. Washington, 466
U.S. 668, 687 (1984)).  The performance inquiry examines the
reasonableness of counsel's actions under "all the
circumstances," Greiner v. Wells, 417 F.3d 305, 319 (2d Cir.
2005) (citing Strickland, 466 U.S. at 688), and from the
perspective of counsel at the time, id. (citing Rompilla v.
Beard, 545 U.S. 374, 389 (2005); Strickland, 466 U.S. at 689).
Counsel is "strongly presumed" to have exercised reasonable
judgment in all significant decisions.  Id. (citing Strickland,
466 U.S. at 690).  As to prejudice, the defendant must
demonstrate that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Lynn v. Bliden</u>, 443 F.3d 238, 247 (2d Cir. 2006) (citing <u>Strickland</u>, 466 U.S. at 688, 694). The petitioner bears the burden of establishing both deficient performance and prejudice. <u>See</u> <u>Greiner</u>, 417 F.3d at 319.

To be valid, a guilty plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>Wilson v. McGinnis</u>, 413 F.3d 196, 198-99 (2d Cir. 2005) (citation omitted). "Ineffective assistance of counsel may render a guilty plea involuntary, and hence invalid." <u>United States v. Couto</u>, 311 F.3d 179, 187 (2d Cir. 2002) (citation omitted). A defendant's claim that his guilty plea is involuntary or unknowing as a result of ineffective assistance of counsel is evaluated according to the same <u>Strickland</u> standard discussed above. <u>Id.</u>

First, a defendant must establish that his "counsel's representation fell below an objective standard of reasonableness." <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985) (citation omitted); <u>United States v. Hernandez</u>, 242 F.3d 110, 112 (2d Cir. 2001) (<u>per curiam</u>). As noted above, a defendant who enters a plea on the advice of counsel must therefore demonstrate that counsel's advice was outside "the range of competence demanded of attorneys in criminal cases." <u>Hill</u>, 474

U.S. at 56 (citation omitted).  In the context of a guilty plea, a defendant must show that counsel's "deficient performance undermines the voluntary and intelligent nature of the defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).  Second, a defendant must show prejudice, that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Hernandez, 242 F.3d at 112.  Each of Bonilla Oliver's claims will be treated in turn.

I.   Counsel's "Inducing" Bonilla Oliver to Plead Guilty

Bonilla Oliver first argues that his trial counsel was ineffective in "inducing" him to plead guilty to a charge that did not accurately reflect his criminal conduct.  Specifically, Bonilla Oliver claims that "the conduct of my offense does not fit the required elements of a 21 U.S.C. § 856 charge."

Bonilla Oliver's undisputed criminal conduct falls within the scope of the provision under which he was convicted, 21 U.S.C. § 856, which makes it a crime to

> manage or control any place, whether permanently or
> temporarily, either as an owner, lessee, agent,
> employee, occupant, or mortgagee, and knowingly and
> intentionally rent, lease, profit from, or make
> available for use, with or without compensation, the
> place for the purpose of unlawfully manufacturing,
> storing, distributing, or using a controlled
> substance.

21 U.S.C. § 856.  At his plea, Bonilla Oliver admitted that he lived at 660 East 188th Street, and that he allowed another person to use those premises both to store drugs and from which to pick those drugs up.  Further, Bonilla Oliver admitted that he understood it was against the law both to keep drugs in his apartment and to let other people access his apartment to obtain drugs.  The conduct he admitted clearly satisfies the elements of the statute, and his counsel was therefore not ineffective in this respect.

To the extent Bonilla Oliver claims that § 856 does not apply to him because the statute "was intended to punish the so call[ed] 'crack house' or night clubs usually call[ed] 'raves,'" his argument is rejected.  Bonilla Oliver rightly observes that, according to an explanatory note in the United States Sentencing Guidelines, § 856 "originally was enacted to target defendants who maintain, manage, or control so-called 'crack houses' and more recently has been applied to defendants who facilitate drug use at commercial dance clubs, frequently called 'raves.'" U.S.S.G. § 2D1.8 (2002 amendment note).  Whatever the statute's original intent, however, the language of § 856 contains no explicit or implicit limitation on its application outside of the two enumerated contexts.  As the Second Circuit has recently explained, the scope of § 856 is quite broad, see United States v. Wilson, 503 F.3d 195, 197-98 (2d Cir. 2007), and the type of

conduct in which Bonilla Oliver engaged is well within the statute's ambit.[1]  The evidence of Bonilla Oliver's guilt, including his post-arrest statement, was overwhelming, and his counsel was not ineffective for advising him to plead guilty.

The Government also argues that Bonilla Oliver's trial counsel cannot be deemed ineffective because he secured for his client a charge which carried no mandatory minimum sentence as well as the dismissal of a conspiracy charge carrying a mandatory ten-year minimum sentence.  Bonilla Oliver argues that counsel's achievement in this respect is irrelevant because he was ultimately sentenced to 121 months' imprisonment, one month more than the ten-year minimum sentence to which the conspiracy charge exposed him.  This argument need not be considered, however, because Bonilla Oliver's counsel was not ineffective in the manner identified by Bonilla Oliver in this claim of his petition.

II.  Counsel's Failure to Order Psychiatric Evaluation

Next, observing that his Presentence Report ("PSR") described his history of depression, anxiety, substance abuse, and psychiatric treatment, Bonilla Oliver argues that his counsel was ineffective in failing to order a psychiatric

---

[1]    Bonilla Oliver's reliance on United States v. Aguilar-Aranceta, 58 F.3d 796 (1st Cir. 1995), is misplaced, as the defendant in that case was not charged under 21 U.S.C. § 856 and the facts of that case are entirely different from those at issue here.  Id. at 797.

evaluation before he entered his guilty plea.  He avers that he accepted his lawyer's advice to plead guilty due to his "psychological situation."  The Government argues in reply that the Magistrate Judge properly inquired into Bonilla Oliver's mental state and found him competent to enter a plea, thus obviating the need for a psychiatric examination.  Moreover, the Government observes, Bonilla Oliver does not argue that he was mentally incompetent to enter a guilty plea.

Bonilla Oliver told the Magistrate Judge that he was under the care of a psychiatrist for treatment of depression and anxiety, his medications did not interfere with his ability to understand the proceedings, he felt okay, he had been treated for alcoholism or drug addiction, and that he hadn't taken any drugs in the seventy-two hours prior to his plea.  Based upon these representations and others, the Magistrate Judge concluded that, in accepting a plea of guilty, the defendant was competent to enter the plea and was doing so knowingly and voluntarily. The inquiry satisfied the Court's obligation to determine that Bonilla Oliver was making a "voluntary and intelligent choice among the alternative courses of action open to the defendant." Wilson v. McGinnis, 413 F.3d 196, 198-99 (2d Cir. 2005) (citation omitted); see also Hill, 474 U.S. at 56.

Bonilla Oliver has offered no evidence to undermine the statements he made in open court concerning his psychiatric

11

condition at the time of his plea.  On habeas review, the Court is entitled to rely on these statements, and they will not be set aside based on vague or conclusory allegations.  "[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. . . .  The subsequent presentation of conclusory allegations unsupported by specifics [in a habeas petition] is subject to summary dismissal." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).  Given Bonilla Oliver's representations to the Magistrate Judge concerning his psychiatric state and his ability to comprehend the proceedings, there is no basis on which to conclude that his counsel was ineffective in failing to order a psychiatric evaluation prior to Bonilla Oliver's guilty plea.

Further, as the Government rightly observes, Bonilla Oliver nowhere suggests that he was mentally incompetent to plead guilty.  Accordingly, having marshaled no evidence that he would have conducted himself differently in his criminal proceedings had a mental evaluation been ordered, see Arteca, 411 F.3d at 320, Bonilla Oliver has not demonstrated prejudice in satisfaction of the second prong of Strickland.

12

III. Counsel's Failure to Object

Bonilla Oliver argues that his counsel was ineffective in failing to make three objections: (1) to the Magistrate Judge's allegedly improper explanation of the charges against him; (2) to the PSR's criminal history calculation; and (3) to an alleged violation of the Speedy Trial Act.  The Government argues that the first two objections would have been futile and the third is meritless, and that counsel was therefore not ineffective in failing to make them.

The first objection that Bonilla Oliver argues should have been made concerns the elements of the offense to which he pleaded guilty.  He argues that the Magistrate Judge failed to comply with Rule 11 by "[a]sking the defendant whether he had read the plea agreement, whether defense counsel understood and agreed with the elements of the charge[d] offense offered for plea and then naming the charged offense."  In support of his argument, he cites United States v. Andrades, 169 F.3d 131 (2d Cir. 1999), and United States v. Pena, 314 F.3d 1152 (9th Cir. 2003).

The Magistrate Judge fully complied with Rule 11 in taking Bonilla Oliver's plea.  At the plea colloquy, the Magistrate Judge informed Bonilla Oliver that "the superseding information in this case charges that you made available your residence as a place for unlawfully manufacturing, storing and distributing and

13

using heroin."  In reply, Bonilla Oliver represented that he understood the charge.  Later in the colloquy, after the Government explained the nature of the charges, Bonilla Oliver represented again that he "underst[ood] the nature of the charge to which [he was] pleading guilty."  Bonilla Oliver further represented that he had sufficient time to talk with his counsel about the charge.  These questions satisfied Rule 11's requirement that the court ensure that a pleading defendant was "acting voluntarily, with an understanding of the charges which have been leveled at him."  Fed. R. Crim. P. 11.  Because there was no Rule 11 violation, it would have been futile for Bonilla Oliver's counsel to object, and his failure to do so does not constitute ineffective assistance.  See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).[2]

Neither Andrades nor Pena is to the contrary.  In Andrades, the Second Circuit ruled that Andrades' plea colloquy failed to comply with Rule 11 in the following ways:

---

[2]    Bonilla Oliver raises for the first time in his reply brief an additional Rule 11 argument.  He contends that the Magistrate Judge did not adequately establish that there was a factual basis for his plea because Bonilla Oliver stated only that he "gave my address to this gentleman and he sent narcotics to my house," and because the Government failed to establish the quantity of heroin received.  In addition to the fact that Bonilla Oliver's admissions at his plea were substantially more inculpatory than he suggests, arguments raised for the first time in a reply brief will not be considered.  See Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995).

>The district court's effort to ensure that Andrades
>understood the nature of the conspiracy charge was
>limited to Judge Scullin reading the charge and
>eliciting a "yes, sir" from Andrades.  The district
>court elicited a similar response from Andrades'
>lawyer regarding Andrades' understanding of the plea
>agreement.  Judge Scullin did not describe the
>elements of the offense in his own words to Andrades.
>The indictment that Judge Scullin read did not outline
>the elements of the offense or relevant circumstances.
>Furthermore, Judge Scullin did not elicit explanations
>of the charges from the government.  Defense counsel
>advised the court that he had discussed the plea
>agreement with his client, but that document did not
>describe the elements of conspiracy or relevant
>circumstances.

Andrades, 169 F.3d at 135.  Andrades is distinguishable because

here, the Magistrate Judge explained the elements of the offense

in his own words, and asked the Government to explain the

elements of the offense.  After each explanation, the Magistrate

Judge asked whether Bonilla Oliver understood the elements and

nature of the offense, and Bonilla Oliver responded in the

affirmative.

In Pena, the plea colloquy failed to comply with Rule 11

because the court "[m]erely ask[ed] Pena whether he had read the

plea agreement and ask[ed] his attorney whether the attorney,

not Pena, understood and agreed with the elements of the

offense."  Pena, 314 F.3d at 1156.  As noted above, the

Magistrate Judge inquired as to whether Bonilla Oliver himself

understood the elements of the offense and had engaged in

conduct corresponding to those elements.

The second objection Bonilla Oliver contends his counsel should have made is to the PSR's calculation of his criminal history category, which Bonilla Oliver argues was based on "uncorroborated information."  But Bonilla Oliver stipulated to a criminal history category of IV in his plea agreement, and does not now raise on habeas any particular challenge to the computation of his criminal history based on the offenses enumerated in the plea agreement or the PSR.  Accordingly, there was no basis for his counsel to object to the calculation, and counsel was not ineffective for failing to do so.  See Arena, 180 F.3d at 396.

Finally, Bonilla Oliver argues that his counsel failed to object to the Court's calculation under the Speedy Trial Act. This argument is wholly without merit and counsel was not ineffective for failing to make the objection.  First, as Bonilla Oliver himself recognizes in his reply brief, he would have been precluded from raising an objection based on the Speedy Trial Act because his guilty plea waived such nonjurisdictional objections.  See United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996).  To the extent Bonilla Oliver argues that his plea was not knowing or voluntary, and therefore that any waiver of Speedy Trial Act claims is invalid, that argument is rejected.  As discussed above, Bonilla Oliver was neither "induced" by counsel into pleading guilty, nor was he

mentally incompetent to plead.  Having adduced no other evidence
that his plea was not knowing or voluntary, the waiver on
nonjurisdictional arguments is valid and enforceable.  Second,
the docket sheet makes clear that the Court excluded time under
the Speedy Trial Act on April 11, 2005 (from April 11 until May
11), and again on June 15 (from June 15 until October 17).
Because no Speedy Trial Act objections were either available to
counsel or meritorious, counsel was not ineffective for failing
to make them.  See Arena, 180 F.3d at 396.

        IV. Failure to Appeal

        Bonilla Oliver next argues that his appellate counsel was
ineffective for filing an Anders brief on the basis of the plea
agreement's appeal waiver.  This argument fails because it rests
on a misunderstanding of the validity of Bonilla Oliver's waiver
of appellate rights contained in his plea agreement.  Bonilla
Oliver's plea agreement included a waiver of the right to appeal
a sentence within the stipulated guildelines range.  He was
sentenced at the bottom of the guidelines range and,
accordingly, was bound by the waiver in his plea agreement.  He
contends, however, that the Court "reinstate[d]" his appeal
rights at sentencing when it informed him that he could "apply
for leave to appeal in forma pauperis" and that he had ten days
from the judgment of conviction to file an appeal.  The Second
Circuit has ruled, however, that "a district judge's post-

17

sentencing advice suggesting, or even stating, that the
defendant may appeal" does not render ineffective an otherwise
enforceable waiver of appellate rights.  United States v.
Fisher, 232 F.3d 301, 304 (2d Cir. 2000).  "If enforceable when
entered, the waiver does not lose its effectiveness because the
district judge gives the defendant post-sentence advice
inconsistent with the waiver."  Id. at 304-05.  Bonilla Oliver
makes no argument that the waiver was unenforceable when
entered, and therefore the appeal waiver contained in his plea
agreement was enforceable post-sentence.  Accordingly, given
that Bonilla Oliver had made an effective waiver of his right to
appeal, his attorney did not act unreasonably in failing to
appeal.

     V.   Counsel's Failure to Consult Bonilla Oliver on Appeal

     Next, Bonilla Oliver contends that his appellate counsel
was ineffective because she failed to allow him to assist with
his appeal.  He contends that he wrote and filed a pro se brief
raising arguments that appellate counsel should have advanced
instead of withdrawing pursuant to Anders.  Bonilla Oliver,
however, has failed to identify any prejudice that he suffered
from the lack of consultation because he has not articulated any
meritorious argument he would have had appellate counsel make on
appeal.  He therefore has failed to satisfy the second prong of
Strickland.  See Strickland, 466 U.S. at 688, 694.

VI.   Failure to Inform About Discretionary Appeals

Finally, Bonilla Oliver contends that appellate counsel was ineffective because she failed to advise him of his right to file a writ of certiorari in the Supreme Court.   This argument is easily rejected.   Because a defendant has no right to counsel for these discretionary appeals, see Ross v. Moffitt, 417 U.S. 600, 610-11 (1974), a petition for a writ of habeas corpus cannot be premised on this claim of ineffective assistance of counsel.   Hernandez v. Greiner, 414 F.3d 266, 269 (2d Cir. 2005); Chalk v. Kuhlmann, 311 F.3d 525, 528 (2d Cir. 2002).[3]

CONCLUSION

Bonilla Oliver's petition is denied.   No certificate of appealability shall issue.   Bonilla Oliver has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.   Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).   Moreover, any appeal from this order would not be taken in good faith.   See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

---

[3]    Bonilla Oliver's reliance on Proffitt v. United States, 549 F.2d 910 (4th Cir. 1976), is misplaced, as that case merely applied a rule of the Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964.   Id. at 912-13.

The Clerk of Court shall dismiss the petition.

      SO ORDERED:

Dated:     New York, New York
            January 22, 2008

                           DENISE COTE
                    United States District Judge

Copies sent to:

Luis Bonilla Oliver                    Katherine Goldstein
Reg. No. 16801-053                     Assistant United States Attorney
FPC Duluth                             Southern District of New York
P.O. Box 1000                          1 St. Andrew's Plaza
Duluth, Minnesota 55814                New York, New York 10007